UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IRIS BITON,

                      Plaintiff,

              v.

THE CITY OF NEW YORK; SERGEANT IAN NADEL (Shield No.: 00580), formerly of the 66th Precinct, in his individual and official capacities; and POLICE OFFICER LATISHA WRIGHT, formerly of the 66th Precinct, in her individual and official capacities,

                      Defendants.

**MEMORANDUM AND ORDER**

17-CV-3981 (LDH) (JO)

---

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Iris Biton brings the instant action against Defendants Sergeant Ian Nadel, Police Officer Latisha Wright, and the City of New York (collectively "Defendants") asserting claims pursuant to 42 U.S.C. § 1983 for malicious prosecution, and a claim for *Monell* liability. Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss the complaint in its entirety.

## UNDISPUTED FACTS[1]

      On April 9, 2013, Plaintiff and her daughter, Jessica Francis, engaged in a physical altercation with their landlady, Judith Blumenthal. Officer Wright was among the officers who arrived at the scene in response to a 911 call. (Defs.' Reply Rule 56.1 Stmt. Supp. Summ. J. ("Defs' Reply 56.1") ¶ 5, ECF No. 54.) At the scene, officers, including Officer Wright, questioned Plaintiff, Francis, and Blumenthal. (*Id.* ¶¶ 7-9.) It was reported to Officer Wright that, during the altercation, Plaintiff punched Blumenthal in the back, and Francis caused a

---

[1] The following facts are taken from the parties' statements of material fact pursuant to Local Rule 56.1 and annexed exhibits. Unless otherwise noted, the facts are undisputed.

laceration to Blumenthal's hand. (*Id.* ¶ 9.) At some point during the altercation Blumenthal was separated from her phone. Officer Wright and a male NYPD officer returned the phone, and informed Blumenthal that it had been recovered from Francis's person. (*Id.* ¶ 10.)

Plaintiff was arrested at the scene and charged with assault in the third degree; endangering the welfare of a child; and disorderly conduct. (*Id.* ¶ 11.; Nakul Shah Decl. ("Shah Decl."), Ex. J at 1, ECF No. 45-10) Plaintiff's arrest report was completed by Officer Wright and approved by Sgt. Nadal. (Pl.'s Stmt. Additional Material Facts ¶¶ 2, 4, ECF No. 54.) In relevant part, Plaintiff's arrest report provides that:

> AT [TIME/PLACE/OCCURRENCE COMPLAINANT/VICTIM] STATES DURING A VERBAL DISPUTE WITH LISTED DEFT. DEFT DID PUSH HER CAUSING A LACERATION TO HER HAND. DEFT ALSO YELLED AND CURSED CAUSING C/V TO BE ANNOYED AND ALARM[ED] AND AFRAID FOR HER SAFETY. DEFT GRANDCHILDREN WAS [sic] PRESENT DURING INCIDENT.

(Shah Decl., Ex. J at 2.) Officer Wright also prepared an Aided Report Worksheet in connection with the incident which indicated that Blumenthal sustained a "small laceration to her left hand after being pushed by her neighbor Francis, Jessica, D. Aided also complained of a headache after incident." (Pl.'s Stmt. Additional Material Facts ¶ 6.) Plaintiff is not mentioned in the Aided Report Worksheet. (*Id.*)

On the evening of the altercation, an individual from the King's County District Attorney's Office ("KCDA") took Blumenthal's statement. (*Id.* ¶ 12.) Following the statement, the first Criminal Court Complaint ("First Complaint") was executed and charged Blumenthal and Francis as co-defendants, acting in concert, with: assault in the third degree, menacing in the second degree, criminal mischief in the fourth degree, endangering the welfare of a child, criminal possession of a weapon in the fourth degree, attempted assault in the third degree, menacing in the third degree, and harassment in the second degree. (*Id.* ¶ 13; Shah Decl., Ex. D,

ECF No. 45-4) Upon review of the First Complaint, Blumenthal requested that charges related to the theft of her cell phone be added. (Shah Decl., Ex. C at 43:2-44:2, ECF No. 45-3.)

On April 23, 2013, Assistant District Attorney Stephanie Mishler executed and provided Blumenthal with the Second Criminal Court Complaint ("Second Complaint"). (Defs.' Reply 56.1 ¶¶ 17, 19.) The charges in the Second Complaint were identical to those in the first; however, the description of Plaintiff's conduct and the grounds for relief sections were slightly modified. (Shah Decl., Ex. E at 1, ECF No. 45-5.) Among other things, the Second Complaint indicated that Blumenthal informed the KCDA that she observed Francis grab her cell phone, and that neither Plaintiff nor Francis had permission to take or possess it. (*Id.*) On May 1, 2013, Blumenthal executed a supporting deposition attesting to the truthfulness of the information contained in the Second Complaint. (Defs.' Reply 56.1 ¶ 22; Shah Decl., Ex. F, ECF No. 45-6.) On October 7, 2013, ADA Mishler executed the Third Criminal Court Complaint ("Third Complaint"), which included the same charges as the previous two, but added charges for petit larceny and criminal possession of stolen property in the fifth degree. (Defs.' Reply 56.1 ¶ 26; Shah Decl. Ex. G at 1, ECF No. 45-7.) With respect to those charges, the Third Complaint indicated that Officer Wright had informed the district attorney's office that she recovered Blumenthal's cell phone from Francis's person. (*Id*. at 1-2; Defs.' Reply 56.1 ¶25.) Officer Wright and Blumenthal each executed a supporting deposition attesting to the accuracy of the information in the Third Complaint. (*Id*. ¶¶ 27-28; Shah Decl. Ex. H, ECF No. 45-8; Shah Decl. Ex. I, ECF No. 45-9.)

At some point after October 16, 2013, a Prosecutor's Information was executed charging Plaintiff and Francis, acting in concert, with, inter alia: attempted assault in the third degree, attempted petit larceny, and attempted criminal possession of stolen property in the fifth degree.

3

(Defs.' Reply 56.1 ¶ 29; Shah Decl., Ex. K., ECF No. 45-11)  The petit larceny, and attempted criminal possession of stolen property in the fifth degree charges were related to the alleged theft of Blumenthal's cell phone.  (Shah Decl., Ex. K at 3.)

At trial, Officer Wright testified, among other things, that Blumenthal informed her that Plaintiff and Francis had stolen Blumenthal's cellphone.  (Defs.' Reply 56.1 ¶¶7, 16; Kathy Polias Am. Decl. ("Polias Decl.") Ex. 9, 36:8-10, 38:3-13, ECF No. 51-9.)  Plaintiff was acquitted of all charges.  (Kathy Polias Suppl. Decl., Ex. 12, ECF No. 60-1.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s are] entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim.  *Celotex Corp.*, 477 U.S. at 325.  Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial.  *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).  The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than

4

merely assert conclusions that are unsupported by arguments or facts. *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

In New York, a plaintiff pressing a malicious prosecution claim must demonstrate: "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000). "The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person—i.e., the right to be free of unreasonable or unwarranted restraints on personal liberty. A plaintiff asserting a Fourth Amendment malicious prosecution claim under § 1983 must therefore also show some deprivation of liberty consistent with the concept of 'seizure.'" *Id*.

Plaintiff maintains that she was maliciously prosecuted for assault in the third degree, criminal mischief in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree. (*See generally*, Pl.'s Opp'n 10-24.) The fourth element of Plaintiff's claim, that the prosecution of the charges terminated in her favor, is not in dispute. Rather, Defendants maintain that they are entitled to summary judgment because they did not initiate Plaintiff's prosecution, probable cause existed for Plaintiff's prosecution, and they did not act with actual malice in connection with Plaintiff's prosecution. (*See* Defs.' Mem. 6–15.) The Court need not address all of Defendants' arguments, because resolution of the question of probable cause alone is dispositive.

In the context of a malicious prosecution claim, probable cause requires a demonstration of "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Rios v. City of New York*, 687 Fed. App'x. 88, 90 (2d. Cir. 2017) (summary

5

order) (citation omitted); *see also Ying Li v. City of New York*, 246 F. Supp. 3d 578, 611 (E.D.N.Y. 2017) ("Probable cause to prosecute is evaluated in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of arrest.") (citations and quotation marks omitted). In assessing this element, the core inquiry for the Court, therefore, is "whether the facts objectively support a reasonable belief that a criminal prosecution should be initiated or continued because that prosecution could succeed." *Soomro v. City of New York*, 739 Fed. Appx. 51, 53 (2d Cir. 2018) (summary order). Because probable cause must be established as to each charge, the Court addresses them in turn. *See generally Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991) (identifying the need to "separately analyze the charges claimed to have been maliciously prosecuted.").

**I.       Plaintiff's Assault in the Third-Degree Charge**

According to Plaintiff, probable cause to prosecute her for assault in the third degree did not exist because it was Francis, not Plaintiff, who caused the laceration on Blumenthal's hand. (Pl.'s Opp'n 17-18.) Plaintiff's argument proves too much. It is undisputed that Blumenthal sustained a laceration during the altercation with Plaintiff and Francis. (Shah Decl. Ex. J at 2; Pl.'s Opp'n 17-18.) It is further undisputed that that, during the altercation, Plaintiff punched Blumenthal in the back, and Francis caused the laceration to Blumenthal's hand. (Def.'s Reply 56.1 ¶ 9.) These facts are sufficient to establish probable cause.

Under New York law "a person is guilty of assault in the third degree when:  1. [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person; or 2. [h]e recklessly causes physical injury to another person; or 3. [w]ith criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument." N.Y. Penal Law §120.00. Relevant here, where someone is charged with "acting in concert" the reach of criminal liability is extended. Pursuant to New York Penal

6

Law § 20.00, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, [s]he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct." N.Y. Penal Law § 20.00. Accordingly, a person charged with acting in concert in the commission of an offense is criminally responsible even where the individual did not personally engage in the conduct that provided the basis for the underlying charge.

Plaintiff and Francis were charged as co-defendants, acting in concert. That Plaintiff did not personally cause Blumenthal's laceration is irrelevant to the determination of probable cause as Plaintiff may have been rightfully prosecuted based on Francis's conduct, which is not in dispute. (Pl.'s Stmt. Additional Material Facts ¶ 1); *see also* N.Y. Penal Law § 20.00. Plaintiff's malicious prosecution claim with respect to her assault charge must therefore fail.[2]

### II. Plaintiff's Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree

In New York, "[a]s a general rule, information from an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause[.]" *Okunubi v. City of New York*, 109 A.D.3d 888, 971 N.Y.S.2d. 338, 340 (N.Y. App. Div. 2013). This is so even where the victim's "reliability has not been previously established or her information corroborated." *Id*. 890. In other words, "[a] victim's identification of an assailant is, by itself, sufficient 'probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity.'" *Angevin v. City of New York*, 204 F.

---

[2] Plaintiff's claim for malicious prosecution as to her charge for criminal mischief in the fourth degree which was premised on damage to Blumenthal's camcorder during the altercation, must fail for the same reason. (*See* Prosecutor's Information, ECF No. 45-11, at 2–3 (charging Plaintiff and Francis with acting in concert with criminal mischief).)

7

Supp. 3d 469, 479 (E.D.N.Y. 2016) *(citing Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir.1995). And, although "[t]he probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases, information from an identified citizen accusing another individual of the commission of a specific crime is [generally still] sufficient to provide the police with probable cause." *Keith v. City of New York*, 641 F. App'x 63, 67 (2d Cir. 2016) (internal citation omitted).

Here, it is undisputed that, at some point, Blumenthal informed the KCDA that Francis stole her cell phone during the altercation. (Defs.' Reply 56.1 ¶ 20; Shah Decl. Ex. E at 1.) This is sufficient to establish probable cause for each of the property theft charges.

Of course, had Plaintiff adduced some evidence that called Blumenthal's veracity into question, probable cause may have dissipated. Plaintiff has failed to do so. And, Plaintiff's naked assertion that Blumenthal falsely claimed that her cell phone was stolen cannot serve as evidence in support of her claim. (Pl.'s Opp'n 20–21.) Neither can Plaintiff's unsupported allegations regarding Officer Wright. (*Id*.) That is, Plaintiff urges the Court to accept that Officer Wright falsely claimed to have retrieved Blumenthal's cell phone for Francis. (*Id*.) Yet, she offers no evidence in support of that contention. For example, Plaintiff could have proffered testimony from Francis or the male officer on the scene that might operate to undermine Officer Wright's recitation of events as retold by her under oath at Plaintiff's trial. She did not. This is not to say that such evidence would have necessarily defeated the probable cause established by Blumenthal's accusation. Perhaps in the total mix, such evidence would have cast enough doubt to create an issue of fact for trial.[3] In any event, this is purely academic and Plaintiff has failed

---

[3] Plaintiff makes much of the fact that Officer Wright did not include mention of the cell phone in the arrest report. (Pl.'s Opp'n 20–21.) This is undisputed. (Pl.'s Stmt. Additional Material Facts ¶ 8.) However, Plaintiff has failed to persuade the Court that Officer Wright's failure to include the cell phone in the initial arrest report, operates to undermine the veracity of the statement by Blumenthal, which operates to establish probable cause here.

to demonstrate a lack of probable cause. Accordingly, Plaintiff's malicious prosecution claim as to the property theft charges must be dismissed.[4]

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgement on Plaintiff's malicious prosecution claims is GRANTED. Plaintiff's complaint is dismissed.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       November 30, 2020    LASHANN DEARCY HALL
                            United States District Judge

---

[4] In her complaint, Plaintiff alleges that Defendants "maliciously prosecuted her by charging her with crimes and offenses and initiating legal process against [her] without probable cause." (Am. Complaint ¶ 37, ECF No. 15.) In the instant motion, Defendants move for summary judgment on all Plaintiff's claims. (*See generally* Defs.' Mem.) In her opposition, Plaintiff opposed only Defendant's arguments with respect her charges for assault in the third degree, petit larceny, criminal possession of stolen property in the fifth degree, and criminal mischief in the fourth degree. (Pl.'s Opp'n 10–25.) On the last page of her brief, Plaintiff contends that "Defendants maliciously prosecuted [her] on all charges by failing to further investigate Blumenthal's claims of assault by Plaintiff before charging Plaintiff, even though they apparently doubted Blumenthal's veracity." (Pl.'s Opp'n 25.) It is unclear to the Court how Defendants' failure to investigate Blumenthal's veracity regarding her assault allegations could be even remotely related to Plaintiff's other charges. The Court need not attempt to resolve that question, however, as, as stated above, Plaintiff has provided no evidence that officers doubted or even had reason to doubt Blumenthal's veracity. (*See supra* 8-9.)

9